UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
: 
ARGENT FUNDS GROUP, LLC :
:
Plaintiff, :
: Civil Action No. _____
- against - :
:
LINDA MARIE SCHUTT :
: JURY TRIAL
: **DEMANDED**
Defendant. :
------------------------------------------------------------x

## COMPLAINT

Plaintiff Argent Funds Group, LLC ("Argent Funds" the "Company" or "Plaintiff"), by its attorneys, Carmody & Torrance LLP, complaining of Defendant Linda Marie Schutt ("Schutt") alleges as follows:

### I. THE PARTIES

1. Argent Funds is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut.

2. The Defendant Schutt's actual citizenship is unknown to the Plaintiff. She was most recently a resident of the State of Florida but has vacated the premises she

{N0736476;2}

formerly occupied and is believed to be living in the State of California. Schutt has substantial ties to the State of Connecticut in that she was employed by Argent Funds, her paychecks were made from a bank located here in Connecticut, and she frequently did business at or from the offices of Argent Funds located at 500 West Putnam Avenue, Greenwich, Connecticut.

## II. JURISDICTION AND VENUE

3.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, arising under a law of the United States, the Computer Fraud and Abuse Act, 18. U.S.C. § 1030 (g).

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## III. FACTUAL ALLEGATIONS

### The Business of ARGENT FUNDS

5.  Argent Funds manages and advises various investment funds. The investments the Company selects for investment are based upon extensive research conducted internally by the Company. The research conducted by Argent Funds, its investment strategies, and lists of investors and prospective investors in its investment

funds constitute highly valuable proprietary business information that is only accessible to certain employees within the Company.

### The Defendant Schutt

6.On April 1, 2004, Schutt joined Argent Funds as part of its marketing team. Specifically, she focused (among other duties) on the marketing of certain investments in oil and gas royalty interests. As an employee of Argent Funds, Schutt was given security codes which allowed her to access the highly confidential business information which was the core of the Company's business. This information was accessed remotely through e-mails and internet access to the file servers of the company in Greenwich, Connecticut and through personal visits to the Company's headquarters, among other means. The Defendant was provided with three computers, one Dell desktop computer located at the condominium unit at 4934 Fisher Island Drive, Fisher Island, Florida (the "Unit"), and two laptops which allowed her to access information of the Argent Funds remotely as she traveled on behalf of the Company. These three computers were all owned by Argent Funds, as was the software installed on them. The Dell desktop computer included a tower containing three hard drives for storing data. The laptop computers consisted of a HP PC1100 Tablet computer and a Micron PC laptop which enabled her to travel with these two portable computers and access the data of the Plaintiff from anywhere in the country.

7. Argent Funds had installed onto each of these computers e-mail software and proprietary software purchased by it which enabled the Defendant to send and receive confidential proprietary information related to the Argent Funds business located on the file servers in Greenwich, Connecticut.

8. Schutt was terminated on September 5, 2005. After her termination, Schutt's on-line access to the e-mail and file servers of Argent Funds was terminated.

### The Defendant's Theft of Computer Data

9. After Schutt was terminated, the Director of Communications of the Company went to the Unit to retrieve the three computers which were used by Schutt as part of her work for the Company, but found only the Dell computer was at the Unit. Two of the three hard drives used in the Dell computer to store data were missing. After a diligent search of the Unit, the HP tablet computer and the Micron laptop have not been located.

10. On information and belief, the two hard drives to the Dell computer and the two laptops (hereinafter the "Argent Computers") were taken by the Defendant. These computers contain extremely valuable confidential and proprietary information of the Company.

## FIRST CLAIM FOR RELIEF

### Computer Fraud and Abuse Act

11.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 10 and incorporates them herein by reference.

12.   The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq., permits any person who suffers damage or loss by reason of criminal activity prohibited by this federal criminal statute to bring a civil action for damages and injunctive relief.

13.   On information and belief, the Argent Computers were taken by the Defendant from the Unit and are currently in her possession or have been transferred to persons over whom the Defendant has control. Schutt knowingly and with intent to defraud, accessed protected computers without authorization, to wit, the computer network and computers owned by Argent Funds, such conduct furthered the intended theft or fraud and obtained things of value, to wit, valuable fund and financial information belonging to Argent Funds, and the object of the fraud and the thing obtained and the value of the use of the information is more than $5,000, in violation of federal criminal law, 18 U.S.C. § 1030(a)(4).

14.   As a result of the Defendant's violations of 18 U.S.C. § 1030(a)(4), Defendant's conduct involved and caused a loss aggregating at least $5,000 in value, including the computers themselves, their associated software and the cost of the forensic

investigation conducted in response to Defendant's offenses and the cost of conducting a damage assessment of Defendant's offenses.

15. By reason of the acts alleged herein, Argent Funds has been damaged in an amount to be determined at trial and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary fund and financial information and other legitimate business interests.

## SECOND CLAIM FOR RELIEF

### Misappropriation of Trade Secrets
### Connecticut Uniform Trade Secrets Act ("CUTSA"),
### Conn. Gen. Stat. § 33-50 et seq.

16. Plaintiff repeats and realleges the allegations of paragraphs 1 through 15 and incorporates them herein by reference.

17. Argent Funds entrusted its fund and financial information to Schutt solely for her use in its business and placed her on notice of the confidential and proprietary nature of this fund and financial information during her employment.

18. The fund and financial information which was entrusted to Schutt and stolen by her contained information which derived economic value from not being generally known by others or readily ascertainable by proper means, and Argent Funds has taken reasonable steps under the circumstances to maintain its secrecy.

6

{N0736476;2}

19. The Defendant, knowing that the information was the confidential and proprietary and trade secret information of Argent Funds, has willfully and maliciously misappropriated such information and intends to use and disclose such information for her own personal gain and to harm Argent Funds in violation of CUTSA.

20. By reason of the acts alleged herein, Argent Funds has been damaged in an amount to be determined at trial and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary fund and financial information and other legitimate business interests.

### THIRD CLAIM FOR RELIEF

**Violation of Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq.**

21. Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 and incorporates them herein by reference.

22. In the conduct of their trade or commerce, Schutt has engaged in unfair methods of competition and unfair or deceptive acts or practices by stealing Argent Funds' confidential and proprietary fund and financial information, and have caused Argent Funds to sustain an ascertainable loss.

23. In so doing, Schutt has acted intentionally and in wanton violation of the rights of Argent Funds.

24. By reason of the acts alleged herein, Argent Funds has been damaged in an amount to be determined at trial and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary fund and financial information and other legitimate business interests.

## FOURTH CLAIM FOR RELIEF
### Civil Theft under Conn. Gen. Stat. § 52-564

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 and incorporates them herein by reference.

26. Defendant has intentionally and wrongfully stolen computers and fund and financial information which are the property of Argent Funds, to the harm of Argent Funds. In addition, Defendant has removed clothing, fixtures and personal property owned by the Plaintiff from the Unit.

27. By reason of the acts alleged herein, Argent Funds has been damaged, and Defendant is liable in treble an amount to be determined at trial, and because its remedy at law is inadequate, Argent Funds seeks injunctive relief to protect its confidential and proprietary fund and financial information and other legitimate business interests.

WHEREFORE, Plaintiff prays for the following relief:

a. enjoining Defendant from, directly or indirectly, using or disclosing any and all of Argent Funds' fund and financial information or any other confidential and

proprietary information belonging to Argent Funds that Defendant has in her possession or control;

b. directing Defendant to return to Argent Funds all of its property including but not limited to, documents and business records in whatever form, hard copy or computer data;

c. directing the Defendant to produce all computer hard drives, personal and business, for examination by an independent computer forensic to be selected by Argent Funds;

d. an award of monetary damages against the Defendant in an amount to be determined at trial as a result of the Defendant's wrongful conduct;

e. an award of treble and punitive damages according to the proof at trial;

f. an award to Argent Funds of its costs and expenses of this action including, but not limited to, attorney's fees; and

g. such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues.

Dated: September 15, 2004

                                    THE PLAINTIFF,
                                    ARGENT FUNDS GROUP, LLC

                                    */s/ Christopher Rooney*
                                    Christopher Rooney,
                                    Fed. Bar. No. ct04027
                                    CARMODY & TORRANCE LLP
                                    195 Church Street
                                    P.O. Box 1950
                                    New Haven, Connecticut 06509-1950
                                    Telephone: (203) 784-3109
                                    Facsimile:  (203) 784-3199
                                    e-mail: crooney@carmodylaw.com