THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ARGENT FUNDS GROUP, LLC** ) | CIVIL ACTION NO. 3-05-CV-01456 |
| ) | (SRU) |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LINDA MARIE SCHUTT** ) | |
| ) | **AUGUST 21, 2006** |
| **Defendant.** ) | |

## DEFENDANT'S OBJECTION TO MOTION TO MODIFY
## ORDER GOVERNING ACCESS TO COMPUTR FILES

Defendant Dr. Linda Schutt McMahan ("Defendant") hereby objects to the Motion to Modify Order Governing Access to Computer Files, dated August 14, 2006 (the "Motion"), filed by plaintiff Argent Funds Group, LLC ("Plaintiff").

In or about December of 2005, the parties agreed to a stipulated order concerning their respective access to information contained on hard drives of certain computers. A copy of the stipulated order is attached hereto as Exhibit A. Both parties claim ownership of the computers and data that is located on the computers. A key feature of the stipulated order that caused Defendant to agree to the order was the provision restricting access to the data other than by the parties' counsel and computer experts. Plaintiff now seeks to modify the stipulated order to allow one of its representatives, Robert Arent, to access and

review the information on the hard drives.

Prior to the date Plaintiff's motion was filed (August 14, 2006) Plaintiff had indicated it would seek permission to modify the order to include visiting counsel, but never indicated that it would seek to add one of Plaintiff's employees as well. The addition of Mr. Arent would vitiate the meaning of the stipulated order and prejudice Defendant, who agreed to the stipulated order because it prohibited Plaintiff from accessing or reviewing data she claims belongs to her personally.

WHEREFORE, Defendant objects to Plaintiff's Motion to Modify Order Governing Access to Computer Files, dated August 14, 2006.

_____
Marie A. Casper (ct08974)

        Zeldes, Needle & Cooper, P.C.
        1000 Lafayette Blvd., Suite 500
        Bridgeport, CT 06604
        Tel: (203) 333-9441
        Fax: (203) 333-1489
        E-mail: mcasper@znclaw.com

Attorney for Defendant
Dr. Linda Schutt McMahan

## CERTIFICATION OF SERVICE

I hereby certify that on **August 21st, 2006**, a copy of foregoing **Defendant's Objection to Plaintiff's Motion to Modify Order Governing Access to Computer Files** was filed electronically and served by mail on all counsel and pro se parties, including anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Christopher Rooney, Esq.
Carmody & Torrance, LLP
195 Church Street, 18th Floor
New Haven, CT 06510

Dated at Bridgeport, Connecticut on this 21st day of August 2006.

*[signature]*
Marie A. Casper (ct08974)
ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Boulevard
Bridgeport, CT 06604
(203) 333-9441 (Telephone)
(203) 333-1489 (Facsimile)
mcasper@znclaw.com (E-Mail)

# EXHIBIT A

# ZELDES, NEEDLE & COOPER

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
1000 LAFAYETTE BLVD.
POST OFFICE BOX 1740
BRIDGEPORT, CONNECTICUT 06601-1740

TELEPHONE (203) 333-9441
FAX (203) 333-1489

Marie A. Casper
Direct Dial: (203) 332-5714

December 21, 2005

**VIA Hand Delivery**

The Honorable Judge Stefan R. Underhill
United States District Court
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

> Re: **Argent Funds Group, LLC v. Linda Marie Schutt**
> **Case No: 3:05 cv-01456 (SRU)**

Dear Judge Underhill:

Enclosed please find a courtesy copy of the Stipulation of the Parties to Order and attached Order regarding the hearing held before Your Honor on December 5, 2005.

Respectfully,

Marie A. Casper

MAC/spg
Enclosures
cc: Christopher Rooney, Esq.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARGENT FUNDS GROUP, LLC ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3-05-CV-01456 |
| ) | (SRU) |
| ) | |
| v. ) | |
| ) | |
| LINDA MARIE SCHUTT ) | |
| ) | DECEMBER 21, 2005 |
| Defendant. ) | |

## STIPULATION OF THE PARTIES TO ORDER

The parties, by and through their undersigned counsel, hereby stipulate to entry of the attached Order by the Court.

Dated at Bridgeport, Connecticut on this 21st day of December 2005.

_____                _____
Christopher Rooney, Esq.                                       Marie A. Casper (ct08974)
Carmody & Torrance, LLP                                    Zeldes, Needle & Cooper, P.C.
195 Church Street, 18th Floor                                1000 Lafayette Blvd., Suite 500
New Haven, CT 06510                                          Bridgeport, CT 06604
Tel: (203) 777-5501                                                Tel: (203) 333-9441
Fax: (203) 784-3199                                                Fax: (203) 333-1489
E-mail: crooney@carmodylaw.com                     E-mail: mcasper@znclaw.com
**Attorney for Argent Funds Group LLC**         **Attorney for Linda Marie Schutt**

## **CERTIFICATION**

I hereby certify that on December 21, 2005, a copy of foregoing Stipulation of the Parties to Order was filed electronically and served by mail on all counsel and pro see parties, including anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Christopher Rooney, Esq.
Carmody & Torrance, LLP
195 Church Street, 18th Floor
New Haven, CT 06510

Dated at Bridgeport, Connecticut on this 21st day of December 2005.

Defendant Linda Marie Schutt

By: *[signature]*
Marie A. Casper (ct 08974)

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601-1740
Phone: (203) 333-9441
Fax: (203) 333-1489
E-Mail: mcasper@znclaw.com

Her Attorneys

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARGENT FUNDS GROUP, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> LINDA MARIE SCHUTT, <br><br> *Defendant.* | CIVIL NO. 3:05-CV-01456 (SRU) <br><br> December 21, 2005 |

### STIPULATED ORDER

As to the computers and computer information which are the subject of this litigation, the Court hereby orders the following based upon the stipulation of the parties:

1.  The defendant is hereby ordered and directed to deliver the two laptop computers (and any copies of materials contained on the hard drives of the computers) described in the Complaint (a Micron PC laptop and a Hewlett Packard PC110 Tablet computer; hereinafter, the "Laptops") to the plaintiff's expert Stroz Friedberg at its offices at 14 Maiden Lane, New York, NY on or before December 31, 2005. The defendant is directed to the produce Laptops and any copies of the Laptop drives that are in the possession of the defendant or in the possession of her attorneys, computer or other consultants or experts or any other agent or other individual who is acting on her behalf. Pending delivery of the Laptops to plaintiff's expert, the defendant is directed not to disclose, copy or disseminate any of the computer information contained on the Laptops. Plaintiff and defendant will confer by December 22, 2005 on a protocol for copying the hard drive of these computers that will assure that all software and data from the laptops

will be preserved without alteration. Any copies of the data or programs on the software of the defendant shall be held solely by Stroz Friedberg pending further order of this Court in response to the 26(f) motion of the parties (see ¶ 4 below). In holding such data or programs, Stroz Friedberg shall adhere to a protocol reasonably satisfactory to defendant's expert to insure that such data or programs (i) will be preserved without alteration, and (ii) will not be disclosed to any party or third person, pending review in accordance with ¶ 4 below.

2. The copying of the information from the Laptop from any other computer media by Stroz Friedberg shall take place in the presence of the experts for the defense and shall take place not later than 30 days after the Laptops are delivered to the offices of Stroz Friedberg. At the point at which both plaintiff's and defendant's counsel are in agreement that a copy of the Laptop hard drives has been made and the evidence thereon is preserved, Stroz Friedberg may erase all data or files from the Laptops

3. Once all of the software and data has been copied for purposes of preserving the evidence, the Laptops will be returned to the plaintiff's counsel, who may then return them to his client for use in their business; however, prior to the Laptops being returned to plaintiff's counsel, defense counsel will be given an opportunity to inspect the Laptops to assure the defense that no confidential or personal material of the defendant remains on the computer hard drives.

4. Plaintiff and defense counsel will submit a Rule 26 discovery order to the court in which they will agree to dates by which to do a phased inspection of the data which has been copied by the plaintiff's expert. Inspection of the content of any files will be by attorneys for the plaintiff, Carmody & Torrance, attorneys for the defendant,

2

Zeldes, Needle & Cooper, Stroz Friedberg (plaintiff's expert) and/or Evident Data (defendant's expert) only. No party, employee or agent of a party may examine the contents of the computer files without further order from this court. The purpose of the foregoing inspection shall to separate Argent software and business information from defendant's personal or confidential information. Any disagreement between the parties concerning the appropriate designation shall be resolved by the Court.

5. As to the hard drives which are described in the Complaint as being formerly attached to a Dell computer located in Florida, the defendant is ordered to make written demand upon Sargent Schutt, to allow the plaintiff's expert to examine these hard drives and to return Argent Funds' business information which may be contained on these hard drives.

6. Each party shall bear the costs of its own attorneys and experts in connection with the actions described above.

7. This agreement of the parties is without prejudice now or in the future as to any claims, defenses or counterclaims each of the parties may have.

BY THE COURT

_____
Underhill, U.S.D.J.

Dated: December___, 2005

    Bridgeport, Connecticut